

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QIMU GUAN, | No. 13-70867 |
| Petitioner, | Agency No. A087-854-630 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2016**
Pasadena, California

Before: MURPHY,*** PAEZ, and NGUYEN, Circuit Judges.

Qimu Guan, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' (BIA) order dismissing his appeal from an immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), we deny the petition.

1. Substantial evidence supports the BIA's finding that Guan failed to establish that the harms he suffered on account of his imputed Christian religion, including the one-day detention and physical harm inflicted by the police, rose to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006). Substantial evidence further supports the BIA's finding that Guan failed to demonstrate a well-founded fear of future harm. *See Nagoulko*, 333 F.3d at 1016 (petitioner must provide direct and specific evidence that supports a reasonable fear of persecution). Thus, Guan's asylum claim fails.

2. Because Guan has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

3. Finally, substantial evidence supports the BIA's denial of CAT relief because Guan failed to establish it is more likely than not that he would be tortured if returned to China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

2